

**Dated: July 06, 2018.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**

---

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| NICKIE JO FROILAND | § | CASE NO. 17-10979-hcm |
|     Debtor. | § | (Chapter 7) |
| SMART-FILL MANAGEMENT GROUP, INC. | § § | |
|     Plaintiff, | § | |
| v. | § | Adversary No. 18-01006-hcm |
| NICKIE JO FROILAND | § | |
|     Defendant. | § | |

### OPINION ON DEFENDANT'S MOTION TO DISMISS

When declaring Martin Luther King Jr.'s birthday a national holiday, President Ronald Reagan affirmed:

> Dr. King had awakened something strong and true, a sense that true justice must be colorblind . . . . In 1964, Dr. King became the youngest man in history to win the Nobel Peace Prize . . . . Now our nation has decided to honor Dr. Martin Luther King Jr. by setting aside a day each year to remember him and the just cause he stood for.[1]

---

[1] President Ronald Reagan, Remarks on Signing the Bill Making the Birthday of Martin Luther King Jr. a National Holiday (Nov. 2, 1983) (transcript available at https://www.reaganlibrary.gov/research/speeches/110283a).

1

Here, the Court wrestles with whether an objection to discharge and dischargeability by a creditor is late, when the complaint is filed one day after a fixed-date deadline set by an agreed order of the Court. Typically, the answer would be straightforward. But in the present setting, the answer is thorny. This is because the deadline landed on a federal legal holiday—Martin Luther King Jr.'s Birthday—and there is Fifth Circuit precedent that must be considered. In the end, the Court finds that the creditor's complaint is untimely and must be dismissed.

## I
## JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). This adversary proceeding arises under the Bankruptcy Code and in a bankruptcy case referred to this Court by the Standing Order of Reference entered in this District. This adversary proceeding is a "core" proceeding under 28 U.S.C. § 157(b)(2)(I) and (J). As a result, this Court has jurisdiction and authority to enter final orders and a final judgment in this adversary proceeding.[2]

## II
## FACTUAL AND PROCEDURAL BACKGROUND

There is no dispute with respect to the factual and procedural background relevant to the Motion to Dismiss Complaint ("Motion") (dkt# 6).[3]

Smart-Fill Management Group, Inc. is a creditor in this bankruptcy case and the plaintiff in this adversary proceeding ("Smart-Fill"). Nickie Jo Froiland is the debtor in this

---

[2] The parties have also expressly consented to this Court's authority to enter a final judgment.

[3] References to "dkt#" mean the docket number maintained in CM/ECF by the Clerk of the Bankruptcy Court.

bankruptcy case and the defendant in this adversary proceeding ("Debtor").

On August 7, 2017, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code (dkt# 1, main bankruptcy case no. 17-10979). November 7, 2017 was the initial deadline for creditors to file a complaint objecting to discharge and dischargeability of debt. *See* Notice of Chapter 7 Bankruptcy Case (dkt# 3, main bankruptcy case no. 17-10979); *see also* FED. R. BANKR. P. 4004(a), 4007(c).

On two occasions by motion, Smart-Fill requested and obtained extensions of the deadline to file a complaint objecting to discharge under § 727 of the Bankruptcy Code and the dischargeability of its debt under § 523 of the Bankruptcy Code.

Smart-Fill filed the first motion on November 7, 2017 (the date the initial deadline was set to expire). On November 20, 2017, the Court granted the first motion and entered an agreed order that was approved by Smart-Fill and the Debtor ("First Agreed Order") (dkt# 18, 28, main bankruptcy case no. 17-10979). The First Agreed Order extended the deadline for Smart-Fill to file a complaint under §§ 727 and 523 of the Bankruptcy Code against the Debtor until a specific date—December 20, 2017.

Smart-Fill, with the agreement of the Debtor, filed the second motion on December 20, 2017 (the date the extended deadline was set to expire). The Court granted the second motion and entered an agreed order on December 20, 2017 ("Second Agreed Order") (dkt# 39, 41, main bankruptcy case no. 17-10979). Smart-Fill's counsel submitted the Second Agreed Order, which was agreed to by counsel for both Smart-Fill and the Debtor.

Significant now, the Second Agreed Order extended the deadline for Smart-Fill to file an objection to the Debtor's discharge and dischargeability of its debt under §§ 727

3

and 523 of the Bankruptcy Code until a specific date—January 15, 2018. Smart-Fill did not seek and the Court did not grant any further extensions of the deadline.

As it turned out, January 15, 2018 was a federal holiday: to wit, Martin Luther King Jr.'s Birthday ("MLK Day"). One day later—on January 16, 2018—Smart-Fill initiated this adversary proceeding by filing its complaint against the Debtor ("Complaint") (dkt# 1). Through the Complaint, Smart-Fill objected to the Debtor's bankruptcy discharge under § 727(a) of the Bankruptcy Code and the dischargeability of its debt under § 523(a)(2)(A) of the Bankruptcy Code.

The Debtor then filed the instant Motion to Dismiss Complaint (herein "Motion") (dkt# 6). The Debtor's principal argument for dismissal is the Complaint is time-barred because it was filed one day after the January 15, 2018 deadline set by the Second Agreed Order entered by the Court.[4]

Smart-Fill filed a response to the Motion ("Response") (dkt# 10). In sum, Smart-Fill contends that the Complaint was timely filed on January 16, 2018 because the January 15, 2018 filing deadline set by the Second Agreed Order was MLK Day—a legal holiday. Smart-Fill relies on Rule 9006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and argues that this rule automatically granted Smart-Fill a one-day extension to file the Complaint.

The Debtor filed a reply to the Response of Smart-Fill ("Reply") (dkt# 19). In the Reply, the Debtor reiterates that under the current version of Bankruptcy Rule 9006, the filing deadline of January 15, 2018 was not extended by one day, even though the

---

[4] The Debtor also seeks dismissal of the Complaint for failure to state a claim under which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Given that the Court finds the Complaint should be dismissed as time-barred, it is unnecessary for the Court to address the Rule 12(b)(6) arguments by the Debtor.

4

deadline fell on a legal holiday.

The parties initially requested and the Court set a hearing on the Motion for May 1, 2018. Then, at the joint request of the parties, the hearing was cancelled, and the Motion was submitted to the Court for ruling based on the pleadings (dkt# 20, 21). The Court has considered all of the arguments and authorities set forth in the Motion, Response, and Reply, even if not specifically referred to in this Opinion.

### III
### CONCLUSIONS OF LAW WITH LEGAL ANALYSIS

The Bankruptcy Rules set forth specific deadlines for a creditor to file an objection to the discharge of a debtor and to dischargeability of debt. In general, Bankruptcy Rule 4004 requires that a complaint objecting to a debtor's discharge be filed within 60 days after the first date set for a creditors meeting in a Chapter 7 case and permits the Court to extend such deadline upon motion filed within the deadline. FED. R. BANKR. P. 4004(a)–(b). Likewise, Bankruptcy Rule 4007 requires that a complaint objecting to dischargeability of debt under § 523(c) also be filed within 60 days after the first date set for a creditors meeting in a Chapter 7 case and permits the Court to extend this deadline upon motion filed within the deadline. FED. R. BANKR. P. 4007(c).

Bankruptcy Rule 9006(a) provides an automatic extension of time to file pleadings, including objections to discharge and dischargeability of debt, in certain situations. Here, Smart-Fill filed its Complaint against the Debtor objecting to discharge and dischargeability on January 16, 2018 (one day after the January 15 deadline set by the Court) and relies on Bankruptcy Rule 9006(a) for an automatic one-day extension.

In pertinent part, the current text of Bankruptcy Rule 9006(a)(1) provides as follows:

> (a) **Computing Time.** The following rules apply in computing any *time period* specified in these rules . . . that does not specify a method of computing time.
>
> > **(1) Period stated in Days or a Longer Unit.** *When the period is stated in days* or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or *legal holiday*, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

FED. R. BANKR. P. 9006(a)(1) (emphasis added). MLK Day is a "legal holiday" under Bankruptcy Rule 9006(a)(6)(A).

Almost three decades ago, the Fifth Circuit applied a prior version of Bankruptcy Rule 9006(a) to extend a date-specific deadline that fell on a legal holiday. *See Chapman Inv. Assocs. v. Am. Healthcare Mgmt. (In re Am. Healthcare Mgmt., Inc.)*, 900 F.2d 827, 832 (5th Cir. 1990). In short, the Fifth Circuit held that the prior version of Bankruptcy Rule 9006(a) extended the specific deadline set by a court order by one day when the deadline fell on a federal holiday, in the context of filing a motion to extend time to assume or reject leases under § 365(d)(4) of the Bankruptcy Code. *See id.* at 831–32.

Significantly however, Bankruptcy Rule 9006(a) was subsequently amended in 2009, in response to the Fifth Circuit's 1990 decision in *American Healthcare Management*. As recognized by the Advisory Committee Note to the 2009 amendment of Bankruptcy Rule 9006(a), the amended rule expressly rejects the approach previously taken by the Fifth Circuit. The Advisory Committee Note provides in part as follows:

> *The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set.* The amendments thus carry forward the approach taken in *Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1016 (6th Cir. 2005) . . . and reject the

6

> contrary holding of *In re American Healthcare Management, Inc.*, 900 F.2d 827, 832 (5th Cir. 1990) . . . . *If, for example, the date for filing is "no later than November 1, 2007," subdivision (a) does not govern.* But if a filing is required to be made "within 10 days" or "within 72 hours," subdivision (a) describes how that deadline is computed.

Fed. R. Bankr. P. 9006 advisory committee's note to 2009 amendment (emphasis added).

An Advisory Committee Note accompanying a federal rule is highly persuasive and afforded substantial weight in interpreting federal rules, even if it is not binding. *See, e.g.*, *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (citation omitted); *see also In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir. 2009); *Burnley v. City of San Antonio*, 470 F.3d 189, 195–97 (5th Cir. 2006).

A prior version of Bankruptcy Rule 9006(a) was addressed by the Fifth Circuit in *American Healthcare Management*. The previous version of the Rule examined by the Fifth Circuit provided:

> In computing any period of time prescribed or allowed by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . .

Fed. R. Bankr. P. 9006(a) (1989) (current version at Fed. R. Bankr. P. 9006(a) (2016)); *see Am. Healthcare Mgmt.*, 900 F.2d at 831.

A comparison of this prior version of Bankruptcy Rule 9006(a) to the current amended version of Bankruptcy Rule 9006(a) reinforces the change made by the 2009 amendment and recognized by the Advisory Committee Note. The prior version of Bankruptcy Rule 9006(a) was more general: it allowed an extension of time for a legal

holiday in "computing any period of time." FED. R. BANKR. P. 9006(a) (1989).[5] In contrast, the plain language of the current version of Bankruptcy Rule 9006(a) is more specific and discriminating: it allows an extension of time for a legal holiday *only* when computing a "time period" that is "stated in days." FED. R. BANKR. P. 9006(a)(1).

The 2009 amendment to Bankruptcy Rule 9006(a) conveys an unmistakable message—an automatic extension of time is allowed only when the filing deadline must be computed in days (such as "no later than 60 days after"). However, when a fixed-date deadline is set (such as "until January 15, 2018"), no automatic extension of time is allowed, and the amended Rule is colorblind as to legal holidays.

Indeed, due to the specific 2009 amendments to Bankruptcy Rule 9006(a) and its Advisory Committee Note, multiple courts have held that Bankruptcy Rule 9006(a) does not extend fixed-date deadlines. *See, e.g.*, *X/Open Co. v. Gray (In re Gray)*, 492 B.R. 923, 924 (Bankr. M.D. Fla. 2013) (finding that Bankruptcy Rule 9006(a) does not extend the deadline for filing a dischargeability complaint when a specific date is set by court order); *see also Miller v. City of Ithaca*, No. 3:10-cv-597, 2012 WL 1589249, at *3 (N.D.N.Y. May 4, 2012) (applying amended Rule 6(a) of the Federal Rules of Civil Procedure); *In re MF Glob. Inc.*, No. 11-2790 (MG) SIPA, 2014 WL 1320094, at *5 (Bankr. S.D.N.Y. Apr. 1, 2014) (unpublished); *In re Biggs,* No. 11-29249-EPK, 2012 WL 2974885, at *2–3 (Bankr. S.D. Fla. July 20, 2012); *Dillworth v. Vieweg (In re Vieweg)*, No. 10-18022-BKC-AJC, 2011 WL 5593184, at *2 (Bankr. S.D. Fla. Oct. 26, 2011), *aff'd sub nom.*

---

[5] This more general language in the prior version of Bankruptcy Rule 9006(a) and its companion (Rule 6(a) of the Federal Rules of Civil Procedure) led to conflicting interpretations by the courts. *Cf. Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1018 (6th Cir. 2005); *Am. Healthcare Mgmt.*, 900 F.2d at 832. The specific language adopted in the 2009 amendment to Bankruptcy Rule 9006(a) and its companion Rule 6(a) resolved such conflict.

8

*Dillworth v. Obregon*, No. 12-20075-CIV-MARRA, 2012 WL 3244683 (S.D. Fla. Aug. 9, 2012).

Notably, research did not reveal (and Smart-Fill does not cite) any cases that have applied the current amended version of Bankruptcy Rule 9006(a) to extend a fixed-date deadline set by court order. Just as importantly, neither the Fifth Circuit nor courts within this Circuit appear to have addressed the application of the current amended version of Bankruptcy Rule 9006(a) to a fixed-date deadline.

Smart-Fill does cite several cases for the general proposition that when a filing deadline falls on a legal holiday or weekend, Bankruptcy Rule 9006(a) extends the deadline.[6] However, all of the cases relied upon by Smart-Fill involve computing a period of time, such as "within 60 days." And all of the cases were decided prior to the 2009 amendment of Bankruptcy Rule 9006(a). None of the cases cited by Smart-Fill involved fixed-date deadlines under the current amended version of Bankruptcy Rule 9006(a). *See, e.g.*, *Dalembert v. Pendergrass (In re Pendergrass)*, 376 B.R. 473, 475 n.2 (Bankr. E.D. Pa. 2007).

Finally, the Court's interpretation of current Bankruptcy Rule 9006(a) is consistent with other Fifth Circuit decisions involving discharge and dischargeability deadlines. The Fifth Circuit has recognized that the deadlines set forth in the Bankruptcy Rules for objecting to a debtor's discharge and dischargeability of debt are strictly construed and enforced. *See* FED. R. BANKR. P. 4004(a), 4007(c); *State Bank & Tr., N.A. v. Dunlap (In re Dunlap)*, 217 F.3d 311, 315 (5th Cir. 2000) (explaining the "strict time limitation" placed on creditors to file an objection to discharge demonstrates the Bankruptcy Code's overall

---

[6] *See* cases cited in Response (dkt# 10, pp. 3–4).

9

goal of providing a debtor with a "fresh start"); *Ichinose v. Homer Nat'l Bank (In re Ichinose)*, 946 F.2d 1169, 1172–73 (5th Cir. 1991) (requiring any exceptions to discharge to be filed within the "strictly enforced time limit"). And in this modern age of 24/7 electronic filing, creditors can (and routinely do) file objections and pleadings on federal holidays, even when the clerk's brick and mortar office is closed.

In sum, for these reasons, the Court concludes that Bankruptcy Rule 9006(a) does not extend a deadline for filing pleadings when the date is a legal holiday, *if* a fixed-date deadline has been set by order of a court.

Here, the deadline for Smart-Fill to file a complaint against the Debtor objecting to discharge and dischargeability is a fixed date set by order of the Court. This is clearly evident from the Second Agreed Order entered by the Court, which states "the deadlines for Smart-Fill Management Group, Inc. to object to discharge under Section 727 and dischargeability of its debt under Section 523 . . . are extended until January 15, 2018." This is equally evident from the agreed motion filed by Smart-Fill, which sought entry of the Second Agreed Order and requested the Court "extend the deadline to object to discharge and dischargeability of debt to January 15, 2018." *See* Motion and Second Agreed Order (dkt# 39, 41, main bankruptcy case no. 17-10979).

The Second Agreed Order does not require the computation of a time period, and the period is not stated in days. Instead, the Second Agreed Order sets forth a fixed-date deadline—January 15, 2018—for filing any objection to discharge and dischargeability. The inescapable result is the automatic extension of a deadline for a legal holiday under current Bankruptcy Rule 9006(a) simply does not apply in this case.

It is of no legal significance that the fixed-date deadline of January 15, 2018 fell on

10

a venerable federal holiday—MLK Day. Smart-Fill filed its Complaint objecting to discharge and dischargeability of its debt on January 16, 2018, which was after the fixed-date deadline. As a consequence, the Complaint is time-barred and must be dismissed.

## IV
## CONCLUSION

Specific deadlines, even when missed by only one day, can have significant consequences. Here, the creditor Smart-Fill and the Debtor agreed to a specific, fixed-date deadline by which an objection to discharge and dischargeability was required to be filed. The fixed-date deadline was then approved and established by an agreed order of the Court. The agreed deadline landed on a national holiday that honors Martin Luther King, Jr.—a world renowned champion of civil rights and true justice. But current Bankruptcy Rule 9006 does not extend a deadline that falls on a legal holiday (even when that holiday honors true justice), if the deadline is a fixed date set by court order. As the Complaint was filed by Smart-Fill one day after the specific deadline, it is untimely and time-barred.

For the reasons set forth in this Opinion, the Court grants the Debtor's Motion to Dismiss Complaint (dkt# 6). A separate Final Judgment will be signed by the Court and entered dismissing this adversary proceeding as required by Rule 58 of the Federal Rules of Civil Procedure (which is incorporated into Bankruptcy Rule 7058), consistent with this Opinion.

###